**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTH DISTIRCT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOSEPH TAYLOR, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| JRK RESIDENTIAL GROUP, INC. | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANT. | ) | |
| _____ | ) | |

**COMPLAINT**

NOW COMES Plaintiff, Joseph Taylor, and hereby file this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendant's violation of the FLSA. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).  Plaintiff states as follows in this matter:

**I.       JURISDICTION AND VENUE**

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the

laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, JRK Residential Group, Inc. ("JRK" or "Defendant"), is a foreign Corporation registered in the State of Georgia, with a principal place of business of 1176 Wilshire Boulevard, Suite 1500, Los Angeles, California 90025.

4.

Service of process for JRK can be effectuated through its registered agent National Registered Agents at 289 S. Culver Street, Lawrenceville, GA, 30046-4805.

5.

The cause of action set forth in this Complaint arose within this jurisdiction.

II.   **PARTIES**

6.

Plaintiff, Joseph Taylor, is an adult resident citizen of Gwinnett County, Georgia.

7.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

8.

At all times relevant, Defendant employed the Plaintiff to perform labor for its benefit and made employment and compensation related decisions regarding the Plaintiff in this District.

9.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendant.

10.

Defendant, JRK, lists its principal office address as 1176 Wilshire Boulevard, Suite 1500, Los Angeles, California 90025.  Upon information and belief, Defendant is a foreign Corporation conducting business within the State of Georgia and within this district.

11.

Defendant describes its business as a Los Angeles-based real estate investment firm specializing in the ownership, management, leasing and

redevelopment of properties in primary and secondary markets throughout the United State.

### 12.

Defendant is engaged in interstate commerce for purposes of the FLSA.

### 13.

Upon information and belief, Defendant's gross sales are in excess of $500,000 per year.

### 14.

Defendant directed Plaintiff to individually engage in interstate commerce.

### 15.

Plaintiff as part of his job duties regularly engage in interstate commerce.

### 16.

Defendant is an employer within the meaning of 29 U.S.C. §203(d) and is not exempt from the FLSA.

## III.   FACTUAL ALLEGATIONS

### 17.

Plaintiff, Joseph Taylor ("Taylor"), is an adult resident of the State of Georgia.  Taylor was employed by Defendant from June 2016 until March 20, 2017.

18.

Upon information and belief, Plaintiff was classified as a nonexempt hourly

hourly employee, compensated on an hourly basis of $16 per hour, which entitled

entitled Plaintiff to full pay for each hour worked.

19.

Plaintiff was employed in a position that involved interstate commerce as

defined by the FLSA and/or employed in an enterprise that engaged in interstate

commerce.

20.

Upon information and belief, Defendant classified Plaintiff as hourly

nonexempt employees, compensating him on an hourly basis.

21.

Defendant employed Plaintiff as a Maintenance Tech.

22.

Defendant classified Plaintiff as nonexempt full-time employee, electing to

pay his hourly basis at a rate of $16 per hour.

23.

During the tenure of his employment, Taylor consistently worked in excess

of forty (40) hours per week.

24.

Taylor was required to submit the hours worked for the Defendant via an electronic timekeeping system on a weekly basis.

25.

At the conclusion of each week, the Property Manager would approach Taylor and pressure him to complete a timesheet adjustment form to reduce the number of hours he worked.

26.

In addition, the Property Manager would also pressure Taylor to clock out exactly at 5:30 PM, even though the Property Manager was aware that Taylor would continue to work.

27.

Such actions constitute a repeatedly and systematically practice of "time shaving" to ensure that Taylor's hours worked did not exceed forty (40) hours in a workweek, and thereby resulted in a failure to pay straight time and overtime wages.

28.

What's more, Taylor complained to the Defendant about its failure to pay overtime wages.  On or about March 13, 2017, Mr. Taylor approached the Property

Manager and inquired about the overtime wages, indicating that he was owed the straight time and overtime wages for those hours worked in excess of forty (40) in a workweek.

29.

The very next week the Company terminated Mr. Taylor without cause. Such actions constitute unlawful retaliation under the FLSA.

30.

During Plaintiff's employment with Defendant as an hourly employee, Defendant willfully and knowingly failed to fully compensate Plaintiff for all hours worked.

31.

During Plaintiff's employment with Defendant as an hourly employee, Defendant willfully and knowingly failed to pay the Plaintiff for all hours worked.

32.

Defendant has willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §206, specifically, by failing to pay Plaintiff for all hours worked.

33.

Defendant has failed to keep accurate time records for the Plaintiff in conformity with the FLSA.

34.

Defendant has created a false record of the true hours worked by manipulating the time records.

35.

Defendant has failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

36.

Defendant knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

37.

Upon information and belief, Defendant has negligently, intentionally and repeatedly manipulated its records to reflect Plaintiff was working less hours then actually worked.

38.

As a result of the Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

39.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment and post judgment interest.

40.

Defendant has not made a good faith effort to comply with the FLSA.

41.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

42.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

**IV.   COUNT ONE: CLAIM FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY STRAIGHT AND OVERTIME WAGES**

43.

Plaintiff incorporates by reference paragraphs 1 – 42 as if fully set forth herein.

44.

Plaintiff, as non-exempt employees of Defendant, was entitled to be paid straight time for all hours worked and overtime for each hour worked in excess of forty (40) hours per week.

45.

The Defendant has willfully failed to compensate Plaintiff for all hours suffered including both the straight time hours and overtime hours worked during his employment.

46.

Defendant, by such failure, has willfully violated the wage and overtime provisions of the FLSA.

47.

Defendant has failed to keep adequate records of all time worked by the Plaintiff.

48.

Defendant, by such failure, has willfully violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.   Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B.   Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.   Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.   All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.   COUNT TWO:  CLAIM FOR RETALIATION 29 U.S.C. §215(a)(3).

49.

Plaintiff incorporate by reference paragraphs 1 – 48 as if full set forth herein.

50.

During the course of his employment with Defendant, Plaintiff made complaints to the Defendant regarding his overtime pay and rights pursuant to the FLSA.

51.

Oral complaints to an employer regarding wages and other provisions under the FLSA constitute protected active pursuant to the FLSA.

52.

Informal written complaints to an employer regarding wages and other provision under the FLSA constitute protected active pursuant to the FLSA.

53.

Within a short proximity of time of Plaintiff engaging in protected activity, Plaintiff was subjected to retaliation. What's more, Defendant had a pattern and practice of retaliating against any employee who raised complaints regarding wages, overtime wages or other provisions of the FLSA.

54.

Other similarly situated employees, who had not engaged in protected activity pursuant to the FLSA, were not subjected to similar actions by the Defendant, thus Plaintiff was subjected to disparate treatment.

55.

Pursuant to 29 U.S.C. §215(a)(3), Defendant is prohibited from discriminating against Plaintiff for engaging in protective activity pursuant to the FLSA.

56.

Plaintiff has suffered and continues to suffer grave and sever mental anguish and emotional distress, loss of wages, loss of pay and other actual and compensatory damages on account of the Defendant's actions.

**WHEREFORE** Plaintiff prays for the following relief:

A.    Actual damages, including reimbursement for lost wages and back pay;

B.    Future wages for loss of income;

C.    Prejudgment and Post Judgment interests;

D.    Liquidated damages pursuant to 29 U.S.C. 216 (b);

E.    Compensatory damages including mental anguish and emotional distress;

F.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

G.    All reasonable costs and attorneys' fees pursuant to the FLSA.

Respectfully submitted, this 13th  day of July, 2017.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295